UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANNA M. MURPHY,

        Plaintiff,

        v.

CHARLEY D. SMITH, *et al.*,

        Defendants.

Case No.  2:25-cv-3275-DAD-JDP (PS)

ORDER

Plaintiff alleges that defendants[1] participated in a fraudulent scheme to deprive plaintiff of her property.  Defendant Charley D. Smith moves to dismiss plaintiff's complaint for failure to state a claim.[2]  ECF No. 13.  For the reasons explained below, defendant's motion is granted and the complaint is dismissed against defendant Smith with leave to amend.

**I.    Motion to Dismiss**

**Background**

On November 12, 2025, plaintiff filed a complaint against defendants Charley D. Smith, Ranger John Henderson, Damon Smith, Ryan Smith, Winged's Ranch, LLC, The Charley D. Smith Living Trust, The Charley D. Smith Family Trust, and Placer County.  ECF No. 1.  She

---

[1] The complaint names numerous defendants, but only defendant Charley D. Smith seems to have appeared.

[2] Defendant has filed two motions to dismiss.  ECF Nos. 11 & 13.  The latter is granted and the earlier is as moot.

1

alleges that she began residing at 6010 McCourtney Road in Lincoln, CA in 2012. *Id*. at 13 ¶ 20. The property includes a separate dwelling located at 6020 McCourtney Road that plaintiff rents to a tenant. *Id*.

According to the complaint, defendant Smith induced plaintiff to reinvest in and improve his properties and, in exchange, promised to teach her about property ownership and rental income. *Id*. at 13 ¶ 23. This resulted in the parties executing a residential lease with an option to purchase and a contract for deed. *Id*. Plaintiff also transferred a Florida property that she owned to Smith, which he allegedly structured as a non-refundable asset "effectively locking [p]laintiff into the deal" as part of her down payment for the contract of deed. *Id*. at 13 ¶ 24. Plaintiff alleges that Smith altered the contract of deed and eliminated all protections that she previously enjoyed under the agreement. *Id*. at ¶ 25. That document was recognized as an equitable mortgage in a ruling issued by the Placer County Superior Court on June 6, 2017. *Id*. at 14 ¶ 26.

Plaintiff alleges that Smith engaged in a pattern of "harassment, trespass, and terrorization" beginning in 2015. *Id*. at 14 ¶ 28. This included changing the property's tax base, altering payment records, granting an easement on her property without her consent, and obstructing plaintiff's efforts to sell or refinance the property. *Id*. at 14-15 ¶¶ 29-34

Despite plaintiff's attempts to assert state court claims against Smith for his alleged misdeeds, she claims that the Placer County Superior Court "systematically failed" to protect her rights. *Id*. at 18 ¶ 45. On December 18, 2020, the Placer County Superior Court issued a judgment in favor of Smith on several of the crossclaims that he brought against plaintiff. ECF No. 1 at 200-201. The state court held that Smith was "entitled to Judicial Foreclosure of the property by way of his First Amended Cross-Complaint." *Id*. A notice of entry of judgment was filed on January 6, 2021, and a sheriff's sale of the properties was authorized on September 17, 2025. *Id*. at 156, 195-96.

Plaintiff brings eight causes of action: (1) violation of the Americans with Disabilities Act (ADA) 42 U.S.C. § 12101; (2) violation of due process under 42 U.S.C. § 1983; (3) civil conspiracy; (4) intentional infliction of emotional distress; (5) abuse of process; (6) fraud;

2

(7) malicious prosecution; and (8) defamation and slander. *Id.* at 20-29.  Plaintiff seeks money damages as well as injunctive relief. *Id*. at 30-31.

### Legal Standard

A complaint may be dismissed for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss for failure to state a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  The plausibility standard is not akin to a "probability requirement," but it requires more than a sheer possibility that a defendant has acted unlawfully. *Iqbal*, 556 U.S. at 678.

For purposes of dismissal under Rule 12(b)(6), the court generally considers only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice, and construes all well-pleaded material factual allegations in the light most favorable to the nonmoving party. *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 956 (9th Cir. 2013); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).  The court construes a pro se litigant's complaint liberally, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam), and will only dismiss a pro se complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017) (quoting *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014)).

### Discussion

Defendant Smith argues that plaintiff's claims are barred by the *Rooker-Feldman* doctrine.[3]  ECF No. 13 at 9-12.  In addition, he argues that plaintiff's claims are barred by the applicable statutes of limitations and/or should be dismissed because they cannot be asserted against private

---

[3] Stemming from *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

individuals. *Id*. at 12-13.  Finally, defendant argues that plaintiff's request for injunctive relief is moot given that the Placer County Sheriff's office completed the sheriff's sale on November 13, 2025.[4]  *Id*. at 14.  In response, plaintiff argues that defendant's motion should be denied because the *Rooker-Feldman* doctrine does not apply to her claims.  ECF No. 16 at 3.  Specifically, plaintiff argues that she is not appealing a state court judgment and is, instead, asserting independent federal claims attacking the process by which the state court judgment was obtained and seeking relief for violations of federal law that were not fully litigated in state court.  *Id*.  She also contends that private actors acting under color of state law are liable for section 1983 claims and that the continuing violation doctrine and discovery rule apply such that her claims are not barred by the statute of limitations.  *Id*. at 4-5.  Finally, plaintiff argues that defendant's motion is frivolous, retaliatory, and warrants sanctions.  *Id*.[5]

I find that the *Rooker-Feldman* doctrine applies and will dismiss plaintiff's claims against Smith on that basis.  "The *Rooker-Feldman* doctrine prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment."  *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004) (quoting *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003)).  The doctrine applies where, as here, the federal claimant "complain[s] of a legal injury caused by a state court judgment, based on an allegedly erroneous legal ruling, in a case in which the federal plaintiff was one of the litigants."  *Noel v. Hall*, 341 F.3d 1148, 1163 (9th Cir. 2003).  As noted previously (and as observed by the district judge's order denying plaintiff's motion for a temporary restraining order, ECF No. 5 at 6), plaintiff alleges that the state superior court that ruled against her "systematically failed to protect

---

[4] The court notes that plaintiff's claim for injunctive relief to enjoin the sheriff's sale is moot given that the sale occurred on November 13, 2025.  ECF No. 11 at 14; *see Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1086 (9th Cir. 2011) ("A case becomes moot 'when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome' of the litigation.").  However, the court will address the remaining claims.  *See Powell v. McCormack*, 395 U.S. 486, 496-97 n.8 (1969) ("Where several forms of relief are requested and one of these requests subsequently becomes moot, the Court has still considered the remaining requests . . . . [T]he remaining live issues supply the constitutional requirement of a case or controversy.").

[5] The court will also deny plaintiff's requests for appointment of counsel, remote appearance, and access to CM/ECF included in her opposition.  ECF No. 16 at 6-7.

4

her rights." ECF No. 1 at 18 ¶ 45. In her opposition, she argues that she is "attacking the process by which the state judgment was obtained . . . ." ECF No. 16 at 3. But "[a] due process claim arising out of a state-court proceeding is an allegation of a legal error and would be barred by *Rooker-Feldman* because the harm, deprivation of a protected interest as a result of the state court determination, necessarily flows from the state court judgment." *Dungan v. Cnty. of Shasta*, No. 2:24-cv-02394-DAD-DMC, 2025 U.S. Dist. LEXIS 69845, *15 (E.D. Cal. Apr. 11, 2025).

Moreover, plaintiff plainly seeks relief from the state court's judgment. While the claim for injunctive relief is moot given the sale of the property, the complaint still seeks an order vacating "the fraudulently obtained state court judgment." ECF No. 1 at 31. *Rooker-Feldman* applies where a federal claimant "complain[s] of a legal injury caused by a state court judgment, based on an allegedly erroneous legal ruling, in a case in which the federal plaintiff was one of the litigants." *Noel*, 341 F.3d at 1163.

Based on the foregoing, I find that the *Rooker-Feldman* doctrine bars all of plaintiff's claims against defendant Smith.

## II.    Remaining Defendants

As noted above, plaintiff has sued Charley D. Smith, Ranger John Henderson, Damon Smith, Ryan Smith, Winged's Ranch, LLC, The Charley D. Smith Living Trust, The Charley D. Smith Family Trust, and Placer County, ECF No. 1, but it is unclear exactly which defendants have appeared. For instance, the underlying motion to dismiss was filed by attorney John Henderson, and he lists himself as counsel for "Creditor/Defendant Charley Smith Trustee Living Trust; Winged 'S' Ranch; Damon Smith; Ryan Smith," ECF No. 13 at 1, yet the motion seeks dismissal for "Defendant Charley Smith," *id.* at 15. As for the remaining defendant, Placer County, plaintiff filed a notice stating that she is waiting to serve the county until the court adjudicates the motion to dismiss. ECF No. 20.

In an effort to clarify the docket, I will direct the following: Within thirty days of this order's issuance, attorney Henderson shall file a notice of appearance for each defendant he represents, and plaintiff shall file the proof of service for defendant Placer County. Plaintiff's

failure to do so may result in a recommendation that this action be dismissed for failure to comply with Federal Rule of Civil Procedure 4.

### III.    Conclusion

Accordingly, it is ORDERED that:

1. Plaintiff's motion for the appointment of counsel, request for telephonic appearance, and permission to electronically file, ECF No. 16, is DENIED.

2. Within thirty days of this order's issuance, attorney Henderson shall file a notice of appearance for each defendant he represents.

3. Within thirty days of this order's issuance, plaintiff shall file the proof of service for defendant Placer County.  Plaintiff's failure to do so may result in a recommendation that this action be dismissed for failure to comply with Federal Rule of Civil Procedure 4.

4. Defendant Smith's motion to dismiss, ECF No. 13, is GRANTED with leave to amend, and his prior motion, ECF No. 11, is DENIED as moot.

IT IS SO ORDERED.


Dated:    May 11, 2026                              _____
                                                    JEREMY D. PETERSON
                                                    UNITED STATES MAGISTRATE JUDGE