UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNA M. MURPHY,<br>Plaintiff,<br>v.<br>CHARLEY D. SMITH, *et al.*,<br>Defendants. | Case No. 2:25-cv-3275-DAD-JDP (PS)<br><br>ORDER; FINDINGS AND RECOMMENDATIONS |

Plaintiff Anna M. Murphy, proceeding pro se, brings this action against Charley D. Smith, John Henderson, Damon Smith, Ryan Smith, Winged "S" Ranch, LLC, the Charley D. Smith Living Trust, the Charley D. Smith Family Trust, and Placer County.[1] Plaintiff alleges that defendants engaged in a campaign of fraud to deprive her of her property rights. Defendants have separately moved to dismiss the first amended complaint. ECF Nos. 33 & 36. Plaintiff has filed a motion for leave to amend. ECF No. 41. For the reasons stated below, I recommend that defendants' motions be granted, plaintiff's motion be denied, and the first amended complaint be dismissed without leave to amend.

[1] To avoid confusion, I refer to Charley D. Smith as "Charley," Damon Smith as "Damon," and Ryan Smith as "Ryan."

**Background**

This action stems from a property dispute between plaintiff and Charley. In 2013, plaintiff and Charley entered a contract for deed of property located at 6010/6020 McCourtney Road in Lincoln, California ("the property"). ECF No. 9-3 at 6.[2] Plaintiff agreed to purchase the property for a down payment and monthly installment payments to Charley. *Id*. at 6-7. Due to various issues, the details of which are not pertinent for the present order, plaintiff and Charley initiated over a dozen actions against one another. ECF No. 29 at 58. In one such action in 2020, the Placer County Superior Court entered judgment in favor of Charley, finding that he was entitled to damages and judicial foreclosure of the disputed property. ECF No. 9-3 at 19-20. Plaintiff's appeal was subsequently dismissed. *Id*. at 27. In 2021, the Placer County Superior Court issued a writ of sale for the property. *Id*. at 36-38. Plaintiff has initiated multiple bankruptcy proceedings and filed various applications to prevent or delay the sale. *See id*. at 41-83. The record does not establish whether the property has been sold.

In the first amended complaint, plaintiff alleges that she is disabled and suffered a stroke as a result of depositions conducted by Henderson, who served as Charley's attorney in previous actions (and represents all defendants except Placer County in the present action). ECF No. 29 at 2-3. Plaintiff pleads that Charley has "engaged in a documented pattern of physical harassment, including cutting gate chains, releasing Plaintiff's horses, and repeated trespasses requiring Sheriff intervention." *Id*. at 3. Plaintiff further alleges that Damon has recorded a lien against the property. *Id*. Lastly, plaintiff alleges that during the trial in 2020, she appeared with a service dog but was denied unspecified accommodations by the Placer County Superior Court.[3] *Id*. at 3.

Plaintiff brings eight causes of action: (1) violation of bodily integrity under 42 U.S.C. § 1983 against Henderson and Charley; (2) violation of the Americans with Disabilities Act ("ADA") 42 U.S.C. § 12132 against Placer County; (3) violation of a discharge injunction under 11 U.S.C. § 524 against Henderson and Charley; (4) abuse of process and fraud against all

---

[2] I find that the records attached to defendants' previous motion to dismiss are properly subject to judicial notice.

[3] Plaintiff does not appear to allege any standalone wrongdoing by Ryan, Winged "S" Ranch, LLC, the Charley D. Smith Living Trust, or the Charley D. Smith Family Trust.

defendants; (5) malicious prosecution against Henderson and Charley; (6) defamation and slander against Henderson; (7) reconveyance of fraudulent lien against Damon; and (8) slander of title and tortious interference with contractual relations against Henderson and Charley. *Id.* at 5-8.

**Procedural History**

Plaintiff initiated this action in November 2025 by filing the complaint and a motion for a temporary restraining order. ECF Nos. 1 & 2. The court subsequently denied plaintiff's motion for a temporary restraining order, holding that plaintiff's claims are barred by the *Rooker-Feldman* doctrine. ECF No. 5 at 5-7. In May 2026, I dismissed the original complaint with leave to amend, finding that plaintiff's claims against Charley were barred by the *Rooker-Feldman* doctrine.[4] ECF No. 24 at 4-6.

In July 2026, plaintiff filed the first amended complaint ("FAC"). ECF No. 29. Later that month, Charley, Henderson, Damon, Ryan, Winged "S" Ranch, LLC, the Charley D. Smith Living Trust, and the Charley D. Smith Family Trust ("the Smith defendants") filed a motion to dismiss. ECF No. 33. Plaintiff has filed an opposition, ECF No. 35, and the Smith defendants have filed a reply, ECF No. 38.

In August 2026, Placer County ("the County") filed a motion to dismiss. ECF No. 36. Plaintiff was required to file an opposition or statement of non-opposition within fourteen days of the County's motion. *See* E.D. Cal. L.R. 230(c). Plaintiff did not comply with that requirement, and she still has not filed a response to the County's motion. Instead, two days after the County filed its motion, plaintiff filed a motion for leave to amend.[5] ECF No. 41. In addition to pleading new allegations against existing defendants, plaintiff seeks leave to bring new claims based on different alleged wrongdoing against the Placer County Sheriff's Office—an entity that is not currently part of this action. *Id.* at 2. Placer County filed a reply in support of its motion, ECF

---

[4] At the time the May 11, 2026 order issued, Charley was the only defendant to have appeared in this action. *See* ECF No. 24 at 1 n.1. Since then, Henderson has clarified that he represents all defendants except for Placer County. *See* ECF No. 33 at 1. Further, Placer County has filed a motion to dismiss. *See* ECF No. 36. Accordingly, all defendants have now appeared.

[5] Nearly a month after the County filed its motion, plaintiff filed a "notice of intent to oppose defendant's motion." ECF No. 45. Plaintiff states that she sought to remedy the deficiencies identified by the County in her proposed amended complaint. *Id.* at 2.

No. 44, and an opposition to plaintiff's motion, ECF No. 43. Plaintiff has not filed a reply in support of her motion.[6]

## Legal Standard

"Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013). Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

In assessing the sufficiency of the pleadings, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). The court is to "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Outdoor Media Grp., Inc. v. City of Beaumont*, 506 F.3d 895, 900 (9th Cir. 2007). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Id.* at 664. Those facts must be sufficient to push the claims "across the line from conceivable to plausible."

---

[6] Plaintiff filed a request to reset the hearing for her motion. ECF No. 46. In light of this order, the hearing set for October 29, 2026 is vacated. As such, plaintiff's request, ECF No. 46, is denied as moot.

*Id.* at 683. Ultimately, the allegations must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal quotation marks and citation omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). However, a liberal interpretation of a complaint "may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

**Analysis**

I address the parties' filings in the following order: (A) the Smith defendants' motion to dismiss; (B) the County's motion to dismiss; and (C) plaintiff's motion for leave to amend as it relates to the Placer County Sheriff's Office.

**A. The Smith Defendants' Motion**

The Smith defendants argue that the claims against them are barred by the *Rooker-Feldman* doctrine or otherwise subject to dismissal with prejudice. ECF No. 33 at 8-13. The *Rooker-Feldman* doctrine "prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." *Kougasian v. TMSL, Inc*., 359 F.3d 1136, 1139 (9th Cir. 2004) (quoting *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003)). The doctrine applies where the federal claimant "complain[s] of a legal injury caused by a state court judgment, based on an allegedly erroneous legal ruling, in a case in which the federal plaintiff was one of the litigants." *Noel v. Hall*, 341 F.3d 1148, 1163 (9th Cir. 2003).

Plaintiff previously alleged that the state court "systematically failed to protect her rights." ECF No. 1 at 18. In the FAC, plaintiff has omitted this allegation but still bases the FAC on the request for compensatory damages resulting from "[t]he loss of equity and property rights in [the property]" that resulted from the state court judgment. *See* ECF No. 29 at 9. As noted, the *Rooker-Feldman* doctrine applies where a federal claimant "complain[s] of a legal injury caused by a state court judgment, based on an allegedly erroneous legal ruling, in a case in which the federal plaintiff was one of the litigants." *Noel*, 341 F.3d at 1163. As such, the *Rooker-Feldman*

doctrine applies because plaintiff "complain[s] of a legal injury caused by a state court judgment" entered against her. *See id*.

Based on the foregoing, I find that the *Rooker-Feldman* doctrine bars claims against Charley stemming from the state court judgment. Further, Henderson is only included in this action for his representation of Charley in the state court action, and Winged "S" Ranch, LLC was a cross-defendant in the state court action that was also represented by Henderson. *See* ECF No. 9-3 at 18. As such, the following claims against Charley, Henderson, and Winged "S" Ranch, LLC are barred by the *Rooker-Feldman* doctrine: violation of bodily integrity under 42 U.S.C. § 1983 for subjecting plaintiff to depositions in the state court action; abuse of process and fraud; malicious prosecution; defamation and slander stemming from the state court action; and slander of title and tortious interference with contractual relations. *See* ECF No. 29 at 5-8.

To the extent that plaintiff maintains an abuse of process claim against the other Smith defendants, she has not alleged any wrongdoing independent of the state court action, and thus the claim in its entirety is barred. *See id*. at 6-7. Further, plaintiff's claim against Damon for reconveyance of fraudulent lien is barred because it necessarily challenges the state court's order that Charley is entitled to the property; indeed, plaintiff could only succeed on this claim if she shows that she is the rightful owner of the property—a finding that is precluded by the state court judgment.

That leaves one remaining claim against any of the Smith defendants. Plaintiff alleges that, on January 27, 2026, the United States Bankruptcy Court for the Eastern District of California issued a discharge order. ECF No. 29 at 6. She pleads that, in June 2026, Henderson and Charley were "in willful violation of this permanent injunction by pursuing a Writ of Possession" of the property, thereby violating 11 U.S.C. § 524. *Id*. However, the Court of Appeals has held that "[a] motion for contempt for violation of a discharge injunction under § 524 must be brought via motion in the bankruptcy case, not via an adversary proceeding." *Barrientos*

*v. Wells Fargo Bank, N.A.*, 633 F.3d 1186, 1188 (9th Cir. 2011). Consequently, this claim must be dismissed for lack of jurisdiction.[7]

Accordingly, the FAC should be dismissed without leave to amend as to the Smith defendants. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely.").

**B. The County's Motion**

Plaintiff brings two claims against the County: (1) violation of the ADA and (2) abuse of process and extrinsic fraud. *See* ECF No. 29 at 5-7. The County moves to dismiss both claims with prejudice. ECF No. 36-1 at 5-9. First, plaintiff alleges that "the County failed to initiate the interactive process or provide accommodations, instead permitting the Court to use Plaintiff's disability symptoms as the primary evidence to find her 'lacking in credibility.'" ECF No. 29 at 6. Plaintiff does not identify any accommodation that she requested or was denied.

To the extent that plaintiff challenges the state court's finding that her testimony was not credible, such a claim is barred by the *Rooker-Feldman* doctrine. Further, "[t]he *Rooker–Feldman* doctrine bars litigants from bringing claims against state courts based on denials of reasonable accommodations when the denial—in other words, the injury—is effected through a court order." *Langworthy v. Whatcom Cnty. Superior Ct.*, No. 20-cv-1637-JCC, 2021 WL 1788391, at *3 (W.D. Wash. May 5, 2021) (collecting cases). In denying plaintiff's motion for a temporary restraining order, the court put plaintiff on notice that her ADA claim was barred by the *Rooker-Feldman* doctrine. *See* ECF No. 5 at 6. Plaintiff has failed to address this pleading deficiency. I find that plaintiff's ADA claim is barred and therefore subject to dismissal.

Second, plaintiff brings the abuse of process claim against all defendants. ECF No. 29 at 6-7. In this claim, plaintiff refers to all defendants but alleges specific conduct only as to Henderson. *See id*. There is no mention of any alleged wrongdoing by the County. *See id*. Regardless, this claim is barred against any government entity, such as the County. California

---

[7] Plaintiff seeks leave to amend to add further allegations to this claim. ECF No. 41 at 2. Because the claim must be dismissed for lack of jurisdiction, amendment would be futile.

Government Code § 815(a) provides that "[a] public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person." Accordingly, "[i]n California all government tort liability is now dependent on statute." *Susman v. City of Los Angeles*, 269 Cal. App. 2d 803, 808 (1969). Further, "statutory causes of action must be pleaded with particularity." *Id*. at 809. The claim for abuse of process is based in tort. *Garcia v. City of Merced*, 637 F. Supp. 2d 731, 749 (E.D. Cal. 2008). Thus, the claim is barred and subject to dismissal.

As noted, plaintiff has not filed an opposition to the County's motion. Instead, plaintiff seeks leave to amend. ECF No. 41. Plaintiff asserts that she will substitute the County with the Placer County Superior Court and the Placer County Sheriff's Office. *Id*. at 2. This amendment would be futile because plaintiff's ADA claim against the Placer County Superior Court would likewise be barred by the *Rooker-Feldman* doctrine, and the Placer County Sheriff's Office would be immune from plaintiff's tort claim for abuse of process.

Accordingly, the FAC should be dismissed without leave to amend as to the County. *See Lopez*, 203 F.3d at 1129 ("Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely.").

**C. Plaintiff's Motion**

In her motion for leave to amend, plaintiff proposes two amendments regarding the Placer County Sheriff's Office. First, she asserts that "newly discovered evidence" shows that while the writ of execution provided for the sale of the property by July 2025, there was an auction in November 2025. ECF No. 41 at 2. Plaintiff indicates that the Placer County Sheriff's Office oversaw the foreclosure sale. *See id*. Second, plaintiff alleges that the Placer County Sheriff's Office failed "to distribute a statutory surplus of approximately $25,807.04 from the credit bid." *Id*.

To be sure, these proposed amendments would not cure any of the deficiencies in the FAC, as all claims against all defendants would still be subject to dismissal. Instead, plaintiff seeks to transform this action into a different case focused on a different defendant and distinct

conduct that has not been previously alleged. Other courts in this Circuit have found that such an amendment "is not appropriate" in similar circumstances. *See Williams v. Las Vegas Metro. Police Dep't*, No. 2:16-cv-3020-APG-NJK, 2019 WL 5199300, at *3 (D. Nev. Sept. 23, 2019), *report and recommendation adopted*, 2019 WL 5191821 (D. Nev. Oct. 15, 2019).

Further, it appears that the court would not have jurisdiction over the proposed amendments. As established above, all existing claims against all existing defendants should be dismissed with prejudice. As such, if the court were to afford plaintiff leave to amend, the case would be comprised of only two claims against the Placer County Sheriff's Office. Plaintiff states the alleged wrongdoing violates California Civil Procedure Code §§ 699.520 and 701.810, respectively. ECF No. 41 at 2. As such, the court would not have federal question jurisdiction. There also is not complete diversity of citizenship between plaintiff and the Placer County Sheriff's Office because plaintiff has established that she resides in California at the property; moreover, plaintiff alleges that she is owed $25,807.04 from "the credit bid," which falls far short of the jurisdictional threshold for diversity jurisdiction. *See id*. For all of these reasons, plaintiff's motion must be denied.

**Conclusion**

Accordingly, it is ORDERED that:

1. The hearing set for October 29, 2026 in Courtroom 9 before Magistrate Judge Jeremy D. Peterson is VACATED.
2. Plaintiff's request to reset a hearing, ECF No. 46, is denied as moot.

Further, it is RECOMMENDED that:

1. The Smith defendants' motion to dismiss, ECF No. 33, be GRANTED without leave to amend.
2. The County's motion to dismiss, ECF No. 36, be GRANTED without leave to amend.
3. Plaintiff's motion to amend, ECF No. 41, be DENIED.
4. The Clerk of Court be ordered to enter judgment accordingly and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of

service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: October 21, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE